**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CHRISTOPHER HAYDEN and DENINE L. MURPHY a/k/a DENINE L. HAYDEN,<br><br>Plaintiffs,<br><br>v.<br><br>HSBC BANK USA, N.A., AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE ASSET-BACKED PASS THROUGH CERTIFICATES SERIES 2007-PA3, and WELLS FARGO BANK, N.A.,<br><br>Defendants. | Civil Action No. 16-11492-DJC |

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                                                         September 30, 2016

**I.   Introduction**

Plaintiffs Christopher Hayden and Denine L. Hayden (collectively "Haydens") bring claims against Defendants HSBC Bank USA, N.A., as Trustee on behalf of Wells Fargo Asset Securities Corporation Mortgage Asset-Backed Pass Through Certificates, Series 2007-PA3, ("HSBC"), and Wells Fargo Bank, N.A. ("Wells Fargo") (collectively "Defendants"), relating to the foreclosure of the Haydens' residence located at 128 Peck Street, Rehoboth, Massachusetts (the "Property"). D. 5 at 7. The Haydens seek a preliminary injunction enjoining Defendants from conducting the foreclosure sale of the Property, now scheduled for October 4, 2016, until this matter is adjudicated on the merits. D. 18. Defendants have filed a motion to dismiss, D. 13. For the reasons stated below, the Haydens' motion is DENIED and Defendants' motion is ALLOWED.

## II. Legal Standard

To merit a preliminary injunction, plaintiffs must show: (1) a reasonable likelihood of success on the merits; (2) that they will likely suffer irreparable harm in the absence of the injunction; (3) that the balance of equities tips in their favor; and (4) that an injunction is in the public interest. Bruns v. Mayhew, 750 F.3d 61, 65 (1st Cir. 2014). Although there are four factors, likelihood of success on the merits is the foremost consideration. Esso Standard Oil Co. (Puerto Rico) v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006). When a complaint is subject to dismissal for failure to state a claim, a plaintiff obviously cannot demonstrate likelihood of success and a preliminary injunction will not issue. See, e.g., Hicks v. Ryan, No. 13-cv-10709-RGS, 2013 WL 1992679, at *15 (D. Mass. May 9, 2013).

On a motion to dismiss based upon Rule 12(b)(6), the Court will dismiss a complaint that fails to allege adequate facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Court accepts non-conclusory factual allegations in the complaint as true, Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011), and "draw[s] all reasonable inferences" in favor of the plaintiff, Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009). In reviewing the complaint, the Court can consider documents attached to or fairly incorporated into the complaint and facts susceptible to judicial notice. Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012).

## III. Discussion

### A. Motion to Dismiss

The Haydens allege three claims in this case. D. 1-1. They seek declaratory judgment that HSBC may not foreclose on the Property under Mass. Gen. L. c. 244, § 14 (Count I), assert that Wells Fargo violated Mass. Gen. L. c. 93A for failing to comply with 209 C.M.R. § 18.17 and § 18.21 (Count II), and seek declaratory judgment that the mortgage is obsolete by operation of

Mass. Gen. L. c. 260, § 33 (Count III).  D. 1-1 at 12-17.

          1.        *Declaratory Judgment Pursuant to Mass. Gen. L. c. 244 § 14 (Count I)*

In Count I, the Haydens contend that the Mortgage Electronic Registration System, Inc. ("MERS") lacked authority to transfer their mortgage because MERS was never a mortgagee, did not hold title to the property and lacked the power of sale, thus invalidating the mortgage assignment to HSBC.  D. 1-1 at 12-14.  The Court disagrees.  First, the express language of the mortgage, attached and incorporated into the complaint, provides that MERS was properly the mortgagee and had power of sale.  The Mortgage authorizes MERS to assign the Mortgage and additionally provides that the "[b]orrower understands and agrees that . . . MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property . . . ."  D. 1-1 (mortgage) at 25, 27.  Second, the First Circuit has held both that a note and a mortgage need not be held by the same entity and that MERS can validly transfer or assign a mortgage without holding title to the property.  See, e.g., Culhane v. Aurora Loan Servs. of Nebraska, 708 F.3d 282, 293 (1st Cir. 2013) (noting that "MERS's role as mortgagee of record and custodian of the bare legal interest as nominee for the member-noteholder, and the member-noteholder's role as owner of the beneficial interest in the loan, fit comfortably with each other and fit comfortably within the structure of Massachusetts mortgage law"); Serra v. Quantum Servicing, Corp., 747 F.3d 37, 40-41 (1st Cir. 2014) (reinforcing Culhane); Jepson v. HSBC Bank USA, Nat'l Ass'n, No. 12-cv-12179-LTS, 2013 WL 639184, at *4 (D. Mass. Feb. 20, 2013), aff'd No. 13-1364, 2014 U.S. App. LEXIS 24246 (1st Cir. June 23, 2014).  Both under the language of the mortgage and First Circuit precedent, MERS had the requisite legal authority.  For support the Haydens cite to Eaton v. Fed. Nat'l Mortg. Ass'n, 462 Mass. 569 (2012).  Eaton, however, does not diminish the ability of MERS

to make such an assignment.  Id. at 576-77, 589 n.28; see also Culhane, 708 F.3d at 292-93 (citing Eaton, 462 Mass. at 575-77).

Under Count I, the Haydens also allege that HSBC cannot foreclose because the transfer of the mortgage into the applicable trust did not comply with the terms of the Pooling and Servicing Agreement ("PSA").  D. 1-1 at 12-14.  The Haydens first assert that violating the terms of the PSA contravenes New York law in which the breaching mortgage assignments would be voided. D. 1-1 at 12-14.  New York law, however, is inapplicable here where "Massachusetts applies its own law to claims and defenses involving real property located within its borders."  U.S. Bank Nat'l Ass'n v. Bolling, 90 Mass. App. Ct. 154, 154 (2016) (citations omitted).

Under Massachusetts law, the Haydens do not have standing to challenge a mortgage assignment based upon the PSA terms even as pled in this specific case.  D. 1-1 ¶¶ 32-36, 43-47, 49-52, 85-86, 93.  This is because "infirmities in the assignment of a mortgage, such as failure to abide by the terms of a governing trust agreement[] are barred for lack of standing."  Butler v. Deutsche Bank Trust Co. Americas, 748 F.3d 28, 37 (1st Cir. 2014) (quoting Woods v. Wells Fargo Bank, N.A., 733 F.3d 349, 354 (1st Cir. 2013)); Jepson, 2013 WL 639184, at *4.  Indeed "a mortgagor does not have standing to challenge shortcomings in an assignment that render it merely voidable at the election of one party."  Whitehead v. HMC Assets, LLC, No. 14-cv-13408-IT, 2014 WL 5112111, at *5 (D. Mass. Oct. 10, 2014) (internal quotation mark and citation omitted). The Haydens' allegations that the assignment of the mortgage violated the PSA would render the assignment voidable by the parties of the PSA; thus they do not have standing.  In re Sheedy, 801 F.3d 12, 24-25 (1st Cir. 2015); Butler, 748 F.3d at 37; Bolling, 90 Mass. App. Ct. at 154.  Even if the assignment to HSBC lacked certain intermediary sales, as the Haydens contend, D. 1-1 ¶¶ 43-51, 98, the Haydens would still lack standing to challenge those assignments, see

4

Butler, 748 F.3d at 34-35, 37, even as the allegations are pled here. Thus, the Court dismisses Count I.

### 2. *Violation of Mass. Gen. L. c. 93A (Count II)*

As to Count II, the Haydens assert that Wells Fargo did not comply with requirements under 209 C.M.R. § 18.21A(2)(c) and § 18.17(6)(a-d). D. 1-1 at 15. § 18.21A(2)(c) provides, "[t]o the extent a servicer is authorized to act on behalf of a mortgagee . . . [a] third party loan servicer shall certify in writing the basis for asserting that the foreclosing party has the right to foreclose, including but not limited to, certification of the chain of title and ownership of the note and mortgage from the date of the recording of the mortgage being foreclosed upon. The third party loan servicer shall provide such certification to the borrower with the notice of foreclosure . . . and shall also include a copy of the note with all required endorsements." Here, the Haydens allege that the copy of the Note provided to Plaintiffs was executed in favor of Wells Fargo, not Defendant HSBC or in blank. D. 1-1 at 15; see also D. 1-1 at 21-23. Additionally, the Haydens allege that Wells Fargo in its capacity as mortgage servicer violated § 18.17(6). D. 1-1 ¶ 106. That regulation provides that it is illegal to take or threaten to take "any nonjudicial action to effect dispossession or disablement of property" if there is no right to possess the property through an enforceable security interest, there is no present intent to take possession of the property, the property is exempt by law from such dispossession, or the debt collector knows or has reason to know that demands for payment or legal notices were not properly directed to the consumer's last known address. § 18.17(6).

Dismissal of this claim is also warranted. The Haydens have failed to meet the jurisdictional prerequisites to lodge this claim. Bringing a cause of action alleging a violation of § 18.21 or § 18.17 gives rise to a 93A claim. 209 C.M.R. § 18.22(1); Johnson v. Wilmington

Trust, N.A., No. 16-cv-10422-IT, 2016 WL 5109510, at *1 (D. Mass. Sept. 20, 2016); see D. 1-1 at 15 (acknowledging these claims fall under c. 93A). As such, the Haydens are required to abide by 93A's pre-litigation requirements, including mailing or delivering a demand letter prior to filing a lawsuit. Mass. Gen. L. c. 93A, § 9(3); McKenna v. Wells Fargo Bank, N.A., 693 F.3d 207, 217-18 (1st Cir. 2012); Da Silva v. U.S. Bank, N.A., 885 F. Supp. 2d 500, 506 (D. Mass. 2012). Beyond sending the letter, the Haydens were also required to either plead that the letter had been delivered or otherwise provide proof that this requirement was met. See Kanamaru v. Holyoke Mut. Ins. Co., 72 Mass. App. Ct. 396, 407-08 (2008). Because the Haydens neither alleged they delivered a 93A demand letter in their pleadings and did not otherwise attach a previously delivered demand letter to their pleadings, D. 1-1 at 14-16, Count II is dismissed without prejudice.

> 3.   *Declaratory Judgment Pursuant to Mass. Gen. L. c. 260, § 33 (Count III)*

Finally, HSBC moves for dismissal of Count III, the Haydens' obsolete mortgage claim. D. 13. The obsolete mortgage statute provides in pertinent part:

> A power of sale in any mortgage of real estate shall not be exercised . . . nor proceeding begun for foreclosure of any such mortgage after the expiration of, . . . in the case of a mortgage in which the term or maturity date of the mortgage is stated, 5 years from the expiration of the term or from the maturity date, unless an extension of the mortgage . . . is recorded before the expiration of such period.

Mass. Gen. L. c. 260, § 33. Thus the statute dictates that a mortgage becomes obsolete and is discharged automatically, without judicial action, five years after the expiration of the stated term or maturity date of the mortgage. Id.

The Haydens allege that the maturity date of the mortgage—although written on the mortgage documents as April 01, 2037—should be construed as having occurred in 2008 because the maturity date of the note was accelerated in 2008 after they defaulted on their payments and no extensions were filed to extend the five-year statutory period imposed by the statute. D. 1-1 at

16. For support the Haydens singularly rely upon <u>Deutsche Bank</u>. D. 16 at 20. <u>Deutsche Bank</u>, however, does not address the effect of acceleration of payments on triggering the obsolete mortgage clause or even any effect on the term or maturity date of the mortgage. See <u>Deutsche Bank</u>, 471 Mass. at 252. Instead it concludes that when a mortgage only provides the term or maturity date of the underlying debt, the mortgage has provided a term or maturity date for purposes of applying the five-year limitations period in the obsolete mortgage statute. <u>Id.</u> at 249, 257. The statute on its face also does not support the Haydens' position, as it makes no mention of shortening the period due to acceleration of the note. See Mass. Gen. L. c. 260, § 33. Although the statute discusses the use of extensions to lengthen the mortgage period, it provides no guidance as to decreasing the enforceable time period or as to the time period being effected by acceleration of the note. See <u>id.</u> In addition, policy reasons militate against the Haydens' reading of the statute. While the "over-all scheme [of the statute is] to streamline conveyancing and provide remedies to clear title blemished by mortgages," <u>Deutsche Bank</u>, 471 Mass. at 256, this purpose is not fulfilled by changing the enforceable period of the mortgage as a result of acceleration on the note. The maturity date on the face of the mortgage—here, April 1, 2037—provides notice as to when the obsolete mortgage statute would kick in—in this case, April 1, 2042. The Haydens fail to provide any additional case law supporting their proposition and the Court has not located any authority supporting same. In the absence of any plausible legal basis for asserting this cause of action, the Haydens have not stated a claim for relief. Thus, the Court must dismiss Count III.

### B.     Motion for Preliminary Injunction

Because the Court grants Defendants' motion to dismiss as to Counts I, II and III, the Court also concludes that the Haydens have failed to meet the higher burden of showing a likelihood of success as to these claims. See <u>Hicks</u>, 2013 WL 1992679, at *15; <u>Sankey v. Aurora Loan Servs.</u>,

LLC, 757 F. Supp. 2d 57, 59 (D. Mass. 2010); see Shea v. Ditech Fin. LLC, No. 16-cv-11488-NMG, 2016 WL 5334654, at *3-4 (D. Mass. Sept. 22, 2016).  Here, the Haydens have not made a showing as to this first factor and so the Court need not address the other three factors required for injunctive relief.

**IV.     Conclusion**

For the foregoing reasons, Defendants' motion to dismiss, D. 13, is ALLOWED with prejudice as to Counts I and III and without prejudice as to Count II.  The Haydens' motion for preliminary injunction, D. 18, is DENIED.